UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORIA BROWN,

       Plaintiff,                    Case No. 13-10026
                                         HON. GERSHWIN A. DRAIN

vs.


STEEL CAPITAL STEEL, LLC, *et al.*,

       Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#4] AND CANCELLING APRIL 2, 2013 HEARING

**I.    INTRODUCTION**

On January 4, 2013, Plaintiff, Victoria Brown, filed the instant action challenging the foreclosure of a mortgage that encumbered property located at 506 Kaye Lani Avenue in Monroe, Michigan (the "Property"). Plaintiff's January 4, 2013 Complaint is identical to the Complaint she filed in *Brown v. Steel Capital Steel*, No. 12-12234, which this Court dismissed based on Plaintiff's failure to state any viable claims.

Presently before the Court is Defendant, Steel Capital Steel's, Motion to Dismiss, filed on January 11, 2013. Plaintiff filed a "Motion to take Judicial Notice" which this Court construes as Plaintiff's Response to Defendant's Motion to Dismiss. Thus, the issues have been fully briefed and the Court finds that oral argument will not aid in the disposition of this matter. Pursuant to E.D. Mich. L.R. 7.1(f)(2), Defendant's Motion to Dismiss will be resolved on the briefs. For the reasons

that follow, the Court grants Defendant's Motion to Dismiss and cancels the April 2, 2013 hearing.

## II.    FACTUAL BACKGROUND

On or about June 6, 2005, Plaintiff granted a mortgage against the Property to First Franklin a Division of National City Bank of Indiana in order to secure financing in the amount of $111,100.00 to purchase the Property. The mortgage was recorded on June 15, 2005 in Liber 2940, Page 932, Monroe County Records. The mortgage was later assigned from First Franklin, a Division of National City Bank of Indiana, to First Franklin Financial Corporation via an Assignment of mortgage recorded on January 30, 2006 in Liber 3060, Page 160, Monroe County Records. Thereafter, First Franklin Financial Corporation assigned the mortgage to Defendant. The assignment of mortgage was recorded on December 10, 2010 in Instrument Number 2010R22609, Monroe County Records.

On September 22, 2010, Plaintiff filed a Chapter 13 Bankruptcy Petition. Plaintiff defaulted under the terms of the mortgage and note due to nonpayment of the monthly installment payments. After the notices required by MICH. COMP. LAWS § 600.3205a were provided and Plaintiff failed to request a meeting or otherwise cure the default, Defendant initiated foreclosure by advertisement. A foreclosure sale was held on December 29, 2011, where Defendant was the successful bidder. The statutory redemption period expired on June 29, 2012.

On May 21, 2012, Plaintiff filed *Brown v. Steel Capital Steel*, No. 12-12234, which has already been dismissed by this Court. The present action raises the same claims and legal arguments as the complaint filed in civil action *Brown v. Steel Capital Steel*, No. 12-12234. Specifically, Plaintiff brings the following claims: (1) Lack of Standing, (2) Fraud and Misrepresentation, (3) Violation of the Michigan Consumer Protection Act, (4) Violation of the Fair Debt Collections

Practices Act, (5) Violation of the Truth in Lending Act, (6) Violation of UCC-3-302, (7) Negligent Undertaking, and (8) Negligent Misrepresentations. Similar to *Brown v. Steel Capital Steel*, No. 12-12234, Plaintiff's claims are subject to dismissal because she fails to state any claims entitling her to the relief sought in the complaint.

### III.    LAW & ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

Defendant first argues that Plaintiff's claims are subject to dismissal because the redemption period has expired and Plaintiff failed to demonstrate a clear showing of fraud or irregularity in the foreclosure process sufficient to justify setting aside the Sheriff's sale. Defendant relies on the Michigan Court of Appeals's unpublished decision in *Overton v. Mortgage Electronic Registration Systems*, No. 07-725429, 2009 WL 1507342 (Mich. App. May 28, 2009). In *Overton*, the court held that once the redemption period following a foreclosure of a parcel of real property has expired, the former owner's rights in and title to the property are extinguished. *See Overton,* 2009 WL 1507342, at *1. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a <u>clear showing of fraud, or irregularity</u>." *Id.* (emphasis added) (citing *Schulthies v. Barron*, 16 Mich.App 246, 247-248; 167 NW2d 784 (1969)). Relying on *Overton*, Defendant argues that Plaintiff no longer has standing to assert her claims in the Complaint because she lost all rights in and title to the property when the redemption period expired on June 29, 2012.

The Court notes that Defendant's reliance on *Overton* and Plaintiff's lack of standing may be misplaced. *See Lamie v. Fed. Home Loan Mortg. Corp.*, No. 11-cv-156, 2012 U.S. Dist. LEXIS 70091, at *9 (W.D. Mich. May 21, 2012) (concluding that "the standing discussion in *Overton* that

many defendants raise is a bit of a red herring, and that courts should view *Overton* as a merits decision and not a standing decision.") (quoting *Langley v. Chase Home Fin., LLC*, No. 10-cv-604, 2011 U.S. Dist. LEXIS 32845, at *2 (W.D. Mich. Mar. 28, 2011)).  Therefore, the Court declines to dismiss Plaintiff's Complaint based on her purported lack of standing.  Defendants are not entitled to dismissal based on lack of standing, however Plaintiff must still demonstrate that her invalid foreclosure and other claims have merit.  Here, Plaintiff fails to allege any irregularity or fraud sufficient to justify setting aside the Sheriff's sale.

As to Plaintiff's claim that Defendant lacked standing to foreclose on the Property, such a claim is wholly without merit.  A record chain of title existed prior to the foreclosure sale.  The mortgage was assigned to Defendant prior to the commencement of foreclosure.  Under MICH. COMP. LAWS § 600.3204(1)(d), the following parties may foreclose: the owner of the indebtedness, the owner of an interest in the indebtedness secured by the mortgage, and the servicing agent of the mortgage.  Defendant was the record assignee of the mortgage, thus Defendant was entitled to foreclose under Michigan law.  *See Residential Funding Co., LLC v. Saurman*, 490 Mich. 909, 909; 805 N.W. 2d 183 (2011) (concluding that MERS or an assignee of MERS can complete a foreclosure by advertisement because "it is the owner . . . of an interest in the indebtedness secured by the mortgage."); *see Bakri v. Mortgage Electronic Registration System*, No. 297962, 2011 WL 3476818, *4 (Mich. App. Aug. 9, 2011) (A mortgage assignment by MERS and eventual foreclosure sale by the assignee is consistent with the foreclosure by advertisement statute).  Additionally, Plaintiff cannot challenge the assignment of the mortgage because she was not a party to the assignment. *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC*, 399 F. A'ppx 97, 102 (6th Cir. 2010).

As to Plaintiff's fraud claim, this claim fails to meet the basic pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, which requires that Plaintiff state her fraud claims with particularity. *See Coffey v. Foamex*, 2 F.3d 157, 161-62 (6th Cir. 1993). In order for Plaintiff to state a fraud claim, she must allege: (1) A material and false representation made by Defendant, (2) Defendant knew the representation was false, (3) Defendant intended Plaintiff to rely on the representation, and (4) Plaintiff relied on the representation and suffered damages. *See Hartop v. Deutsche Bank Nat'l Trust Co.*, No. 10-10078, 2010 U.S. Dist. LEXIS 108963, *15 (E.D. Mich. Oct. 13, 2010) (citing *Cummins v. Robinson Twp.*, 283 Mich. App. 677, 770 N.W.2d 421, 435 (2009)). Plaintiff fails to state the fraudulent misrepresentations made by Defendant, when these statements were made, or how Plaintiff relied on such misrepresentations. Accordingly, Plaintiff's fraud claim is subject to dismissal. *See Yermian v. Countrywide Home Loans, Inc.*, No. 09-cv-12665, 2009 U.S. Dist. LEXIS 117901 (E.D. Mich. Dec. 17, 2009).

Plaintiff's claim under the Michigan Consumer Protection Act fails as a matter of law. It is well settled that the Michigan Consumer Protection Act does not apply to residential mortgage transactions. Specifically, the Act states that it does not apply to "a transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." MICH. COMP. LAWS § 445.904(1)(a). Thus, Plaintiff's claim fails because residential loan transactions are exempt since such transactions are regulated by numerous state and federal laws. *See Newton v. West*, 262 Mich. App. 434, 439; 686 N.W.2d 491 (2004); *Chungag v. Wells Fargo Bank, N.A.*, No. 10-14648, 2011 WL 672229, at *4 (E.D. Mich. Feb. 17, 2011).

Similarly, Plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA") fails

as a matter of law.  By its terms, the statute applies only to debt collectors defined as a persons who "attempt[] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(d).  A creditor is not a debt collector under the FDCPA. *See Joyner v. MERS*, 451 Fed.Appx. 505, 507 (6th Cir. 2011) (citing *MacDermid v. Discover Fin. Servs*., 488 F.3d 721, 734-35 (6th Cir. 2007)).  Defendant, by virtue of the assignment of the mortgage, is a creditor and not a debt collector. Therefore, this claim is subject to dismissal.

Plaintiff's Truth in Lending Act ("TILA") claim likewise fails as a matter of law because her claim is time barred under the applicable statute of limitations.  TILA provides a one year statute of limitations for claims seeking damages:

> Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence or violation[.]

15 U.S.C. § 1640(e). As an initial matter, Plaintiff fails to allege what actions by Defendant violated the TILA.  In any event, Plaintiff's complaint was not filed until January 4, 2013. Yet Plaintiff's TILA claim accrued at the time of the alleged failure to disclose, which would have occurred when Plaintiff executed the mortgage on or about June 7, 2005. *See Cervantes v. Countrywide Home Loans, Inc*., 656 F.3d 1034, 1045 (9th Cir. 2011).  Therefore, the statute of limitations began to run on June 7, 2005 and expired a year later, on June 7, 2006.  Plaintiff's TILA claim is time barred under § 1640(e).

Plaintiff's claim under the Uniform Commercial Code also fails as a matter of law.  "Article 3 of the UCC does not apply to a mortgage for real property, because it is not a negotiable instrument." *Pace v. Bank of America, N.A.*, No. 12-12014, 2012 WL 5929931, at *3 (E.D. Mich. Nov. 27, 2012); *see also Jaboro v. Wells Fargo Bank, N.A.*, No. 10-11686, 2010 WL 5296939, at

*6 (E.D. Mich. Dec. 20, 2010).

In her final two claims, Plaintiff alleges negligent undertaking and negligent misrepresentation. Plaintiff fails to allege any facts in support of these claims, thus she has failed to comply with Rule 9(b) since these claims are based on fraud. In any event, Plaintiff cannot state a claim for negligent misrepresentation since a lender does not owe a duty of care to a loan applicant. *See Dingman v. OneWest Bank, FSB*, 859 F.Supp. 2d 912, 921 (E.D. Mich. 2012). Plaintiff's claim requires her to allege that she relied to her detriment on information prepared without reasonable care by one who owed the relying party a duty of care, thus her claim fails as a matter of law. *Id.*

## IV.    CONCLUSION

For the reasons stated above, Defendant Steel Capital Steel LLC's Motion to Dismiss [#4] is GRANTED.

Plaintiff's Motion to Take Judicial Notice [#7] is DENIED.

Plaintiff's complaint is dismissed.

SO ORDERED.

Dated:  February 28, 2013

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 28, 2013, by electronic and/or ordinary mail and also to Victoria Brown.

/s/ Tanya Bankston
Deputy Clerk